UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


PC Connection, Inc.,
    Plaintiff

    v.                                          Civil No. 07-cv-306-SM
                                                           Opinion No. 2007 DNH 123

Branden Bartrug d/b/a
The PC Connection,
    Defendant


**O R D E R**


    PC Connection, Inc. has filed a verified complaint against Branden Bartrug d/b/a The PC Connection, seeking preliminary and permanent injunctive relief, declaratory relief, and damages. Before the court is plaintiff's motion for temporary and preliminary injunctive relief (document no. 3), filed simultaneously with the complaint.

    While plaintiff's motion is captioned as a motion for temporary and preliminary injunctive relief, and refers to Federal Rule of Civil Procedure 65(a), which pertains to preliminary injunctions, the motion was filed without notice to defendant, and the proposed order attached to the motion is captioned "Proposed Temporary Restraining Order." Accordingly, plaintiff's filing is deemed a motion for temporary restraining

order ("TRO"), pursuant to Rule 65(b). For the reasons given, plaintiff's motion is denied, without prejudice to filing a motion for a preliminary injunction under Rule 65(a).

The issuance of a TRO requires, among other things, that "the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." FED. R. CIV. P. 65(b). Here, plaintiff has sent defendant two cease and desist letters but received no substantive response.[1] On that basis, plaintiff asserts that "no point would be served by further efforts to contact defendant prior to seeking relief from this Court." In other words, plaintiff concedes that no efforts have been made to give defendant notice of this motion, and argues that defendant's failure to respond to the cease and desist letters supports a determination that notice should not be required in this case.

"[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to

---

[1] However, plaintiff's counsel did note, in the second cease and desist letter, that defendant gave her an "initial call" in response to the first letter. (Compl., Ex. I.)

be heard has been granted both sides of a dispute." <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, Local No. 70</u>, 415 U.S. 423, 439 (1974). Accordingly, Rule 65(b) places "stringent restrictions . . . on the availability of <u>ex parte</u> temporary restraining orders." 415 U.S. at 438-39.

> Consistent with this overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO. For example, an ex parte TRO may be appropriate "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." <u>Am. Can Co. v. Mansukhani</u>, 742 F.2d 314, 322 (7th Cir. 1984). . . .
>
> In cases where notice could have been given to the adverse party, courts have recognized "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." <u>Am. Can Co.</u>, 742 F.2d at 322. In the trademark arena, such cases include situations where an alleged infringer is likely to dispose of the infringing goods before the hearing. <u>See</u> <u>In the Matter of Vuitton et Fils S.A.</u>, 606 F.2d 1, 5 (2d Cir. 1979).

<u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006). "Where there are no practical obstacles to giving notice to the adverse party, an ex parte order is justified only if there is no less drastic means for protecting the plaintiff's interests." <u>First Tech. Safety Sys., Inc. v. Depinet</u>, 11 F.3d 641, 650 (6th Cir. 1993) (citation omitted).

Because plaintiff has not shown that it is impossible to provide notice to defendant – and probably could not do so, given defendant's telephone call in response to the first cease and desist letter – and has also not shown that if it gave notice further prosecution of this action would be fruitless, plaintiff has failed to meet the requirements of Rule 65(b).  Accordingly, plaintiff's motion for a TRO is denied, without prejudice to seeking a preliminary injunction, relief to which it may well be entitled.  See, e.g., PC Connection, Inc. v. Programmer's Connection, Inc., No. CIV 92-206-M, 1994 WL 258656 (D.N.H. Feb. 1, 1994).

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 3, 2007

cc: Steven E. Grill, Esq.